UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| MARK NAIYU SUN, | ) |
| Plaintiff, | ) Civil Action No. 5:07-cv-227-JMH |
| v. | ) |
| CM PRODUCTS, INC. and CHICAGO METALLIC PRODUCTS, INC., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

\*\* \*\* \*\* \*\* \*\*

In an Order [Record No. 88] dated January 21, 2009, this Court granted Defendants' Motion to Seal Confidential Document Pursuant to Protective Order and for Sanctions [Record No. 79]. In that Order, the Court concluded that Plaintiff Mark Sun had presented certain "Protected Information" for filing in the record of this matter but had not sought to place that information under seal, in contravention of the Protective Order set into place by the Court on June 24, 2008 [Record No. 48]. The Court ultimately ordered that the tendered exhibits to Plaintiff's Response to Defendants' Motion for Summary Judgment be filed under seal and ordered Plaintiff to pay to Defendants an amount equal to Defendants' attorney's fees and costs associated with preparing and filing the Motion to Seal Confidential Document Pursuant to Protective Order and for Sanctions [Record No. 79].

Defendants have now submitted evidence of their attorney's fees and other expenses associated with the preparation and filing

of their Motion to Seal Confidential Document Pursuant to Protective Order and for Sanctions, as well as the reasonableness thereof [Record No. 103], and Plaintiff Sun has filed a Response in Opposition to Defendants' Submission Setting Forth Evidence of Attorneys' Fees and Other Expenses to be Awarded as Sanctions [Record No. 104].  The Court being sufficiently advised, it shall proceed to evaluate the fees and expenses set forth in Defendants' filings.

**I.   Defendants Time and Hourly Rate are Reasonable**

Defendants have presented evidence of 3.0 hours of work performed by Attorney Janet Siegel at the rate of $340 per hour and .9 hours of work performed by Attorney Andrea Okun at the rate of $420 per hour, for a total of 3.9 hours of work on behalf of Defendants at a cost of $1,398.  Defendants have also presented evidence of other expenses, namely a charge of $1.82 for a long-distance telephone call associated with the prosecution of their motion.  In his Response, Plaintiff Sun does not object to the rates charged per hour by Attorneys Siegel and Okun but argues in his response that the amount of time spent by counsel on each task was unreasonable.  The Court has carefully considered the evidence presented, however, and finds that the both the rates and the time expended on each task was reasonable.

In the first instance, there is simply no merit to Plaintiff's argument that, on December 15, 2008, Defendants' counsel could have

adequately reviewed Plaintiff's response to Defendants' Motion for Summary Judgment, recognize Plaintiff's violation of the Protective Order, considered their options on how to deal with Plaintiff's disregard for the Protective Order, conclude what to do, and act in 0.1 hours. Rather, the thirty minutes of time documented by Defendants was a very reasonable amount of time in which such actions might occur.

Plaintiff next objects to a claim that 1.5 hours of Attorney Okun's time was expended on this matter on December 15, 2008, arguing that none of her time should be attributed to Defendant's efforts to deal with Plaintiff's disregard for the Protective Order. In fact, the evidence shows that .5 hours of her actions were taken in furtherance of the relief sought in the Motion to Seal and Motion for Sanctions. The Court finds that .5 hours was a reasonable amount of time to consider the situation, review the pleadings, consider the applicable law, and decide on a course of action.

Plaintiff also objects to the reasonableness of the 2.5 hours of work by Attorney Siegel on December 16, 2008, in which she contacted the Court Clerk's office regarding the documents that should have been filed under seal, prepared the Motion to Seal and the Motion for Sanctions, and prepared two proposed orders. He urges the Court to find that she should have completed these tasks in one hour because Hon. Siegel was already under an obligation to

review his Response to Defendants' Motion for Summary Judgment and, as the Court understands it, Plaintiff does not believe that anyone would spend one hour on the telephone with an individual in the office of the Clerk of Court. The evidence shows, however, that this time was actually spent dealing with Plaintiff's disregard for the Protective Order, not responding to any substantive matters raised by Plaintiff's Response to the Motion for Summary Judgment. Nor does the evidence indicate that anyone spent an hour on the phone with an individual in the office of the Clerk of Court. The Court recognizes that the 2.5 hours that Hon. Siegel spent in her efforts on behalf of Defendants are reasonable.

Next, Plaintiff argues that Hon. Okun should have spent a mere 12 minutes, i.e., 0.2 hours, in her efforts on December 16, 2008, instead of the 24 minutes, i.e., 0.4 hours, that she did. He offers no rationale for this reduction, and the Court will not consider it further as the .4 hours Hon. Okun actually spent in her work on Defendant's motions is reasonable.

**II. Defendants Timely Submitted Evidence of Fees and Expenses**

Plaintiff also avers that Defendants untimely submitted evidence of attorneys' fees and other expenses, as the Court required a response within 20 days of its January 21, 2009, Order, and Defendants responded on February 10, 2009. Applying Fed. R. Civ. P. 6(a)(1) and excluding the day that the Order was entered and which began the time period set forth, 20 days expired from the

date of the Court's order and Defendants' filing. Defendant's response was timely filed, and there is no merit to Plaintiff's argument.

### III. The Court Need Not and Declines to Consider Plaintiff's Ability to Pay the Sanction

Finally, Plaintiff objects to the entry of a judgment on the sanctions award on the grounds that his "business does not make any money." [Record No. 104 at 4.] He proposes that the sanctions be limited to a total of $450, based in large part on his arguments outlined and rejected above, and that he be permitted to pay that amount from the damages he that expects that he will collect from Defendants once his appeal of this Court's decision to dismiss his claims is completed.

When acting under its inherent power, it is within this Court's discretion to choose the appropriate sanction based upon Plaintiff's failure to comply with the Court's orders. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991); *In re Ruben,* 825 F.2d 977, 983 (6th Cir. 1987). Although imposing sanctions under the Court's inherent power and Fed. R. Civ. P. 11 (for which a sanctioned party's ability to pay is considered relevant) are analogous, this Court is not bound by the strictures of Rule 11 case law when exercising its inherent powers. *See Chambers*, 501 U.S. at 46-47. Indeed, this Court has found no precedent which requires it to consider Plaintiff's ability to pay when it exercises its inherent powers to sanction him and, in this instance, the Court declines to

-5-

do so.[1]  Accordingly, the Court will deny Plaintiff the relief he seeks.

**IV.  Conclusion**

Plaintiff disregarded this Court's Order of June 24, 2008 [Record No. 48] when he presented certain "Protected Information" for filing in the record of this matter but did not sought to place that information under seal.  His actions necessitated the filing of the Defendants' Motion to Seal Confidential Document Pursuant to Protective Order and for Sanctions [Record No. 79], and the Court has reached the conclusion that Plaintiff should bear the cost of that motion as a sanction for his disregard of the Protective Order.  Defendants have presented sufficient evidence of their reasonable attorney's fees and expenses incurred in pursuing that Motion, for a total of $1,399.82.

Accordingly, for the reasons stated above and in this Court's Memorandum Opinion and Order of  January 21, 2009 [Record No. 88], **IT IS ORDERED** that Plaintiff shall pay the sum of $1,399.82 to

---

[1]  Even if the Court wished to undertake this analysis, it could not do so in this instance as Plaintiff has provided the Court with no evidence of his assets or lack thereof.  *See Legair v. Circuit City Stores, Inc*. 213 Fed. App'x. 436, 440 (6th Cir. 2007) (citing *DiPaolo v. Moran,* 407 F.3d 140 (3d Cir. 2005); *Johnson v. A.W. Chesterton, Co.,* 18 F.3d 1362 (7th Cir. 1994); *Dodd Ins. Services, Inc. v. Royal Ins. Co. of America,* 935 F.2d 1152 (10th Cir. 1991)) ("when courts evaluate an attorney's ability to pay [a sanction under Rule 11], the burden of proof is on the sanctioned party to provide evidence of financial status"). Plaintiff has claimed only that his business has not received any orders since May, which is not enough information upon which to ground relief, even if the Court were so inclined.

Defendants.

This 25th day of February, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge